UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL WASHINGTON, )<br>   Plaintiff, )<br> )<br>vs. )<br> )<br>SERGEANT MASKEL, et. al., )<br>   Defendants ) | Case No. 23-2065 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says his constitutional rights were violated at the Vermillion County Jail from February 2, 2023, until the filing of his complaint on March 21, 2023. Plaintiff has identified twelve Defendants including Sergeants Maskel, Anderson, Bharbacek, Kelsey Ward, and N. White; and Correctional Officer Roberson, Rodrigez, Kline, Turner, Catlin, K. Pratt and A Pratt.

Plaintiff complains about conditions at the jail including contaminated water and a lack of drinking water, cold temperatures, and inadequate bedding for the cold. While Plaintiff claims the water is contaminated, he does not clearly explain how it was

1

contaminated. Plaintiff refers to "rusted water," but he does not allege he or any other detainees became ill or suffered with other health problems. (Comp, p. 14). In addition, Plaintiff does not explain why he believed it was unsafe to shower in the water.

Nonetheless, it appears jail staff was aware something was wrong with the water since Plaintiff claims staff would bring pitchers of water for inmates to drink during the day instead of drinking the water in their cells. In addition, Plaintiff says he was not provided enough water to drink. Plaintiff claims the pitchers were often placed out-of-reach, or the named Defendants would refuse to provide enough water. At night, Plaintiff says he was forced to go without any drinking water for approximately 12 hours. Plaintiff has also provided a copy of a grievance response concerning the water which states maintenance was "advised of this issue. This has nothing to do with corrections." (Comp. p. 19).

Finally, Plaintiff says when he asked the Defendants for blankets or other bedding to stay warm, his requests were denied.

If Plaintiff was a pretrial detainee at the time of his claims, he must allege: (1) the complained of conditions were objectively serious; (2) the defendant "acted purposefully, knowingly, or perhaps even recklessly;" and (3) the defendant's conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) *Miranda*, 900 F.3d at 353-54; *see also Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022). "For a condition to be 'sufficiently serious,' it must result in a 'denial of the minimal civilized measure of life's necessities' such as a denial of a basic human need including food, medical care, sanitation, or physical safety." *Arringon v. Donathan*, 2022

2

WL 4466714, at *2 (C.D. Ill. Sept. 26, 2022), *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Mays v. Dart*, 453 F.Supp.3d 1074, 1091 (N.D. Ill. April 9, 2020).

For purposes of notice pleading, Plaintiff has alleged unconstitutional living conditions based on contaminated water, a failure to provide enough drinking water, cold temperatures, and inadequate bedding for cold conditions. *See Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) (accepting plaintiff's allegations as true, court "cannot say (plaintiff's) allegations of contaminated water fail to state a claim upon which relief can be granted"). Plaintiff must be able to demonstrate the water was uncontaminated and unsafe for drinking or bathing.

The Court notes on page two of the grievance, there is a list of signatures under the heading: "Plaintiffs." (Comp., p. 2). At the bottom of the page, Plaintiff says the listed inmates were all on G-block when there were problems with the water. However, there is no indication these individuals read the content of the complaint or intended to proceed with this lawsuit. Plaintiff Washington is the only individual who signed the complaint form and the only individual who submitted a motion for leave to proceed *in forma pauperis*. Therefore, Plaintiff Washington is the only Plaintiff in this lawsuit.

If Plaintiff intended to file a multi-plaintiff lawsuit, he may file an amended complaint with all claims against all Defendants and each intended Plaintiff MUST sign the bottom of the complaint form acknowledging they have reviewed the complaint and intend to pursue this litigation. Each Plaintiff is also required to sign future filings in this litigation. In addition, each Plaintiff must either pay the entire $402 filing fee or

3

file a motion to proceed *in forma pauperis*. Each Plaintiff must also be able to demonstrate he fully exhausted his administrative remedies before the complaint was filed.[1] Any amended complaint must be filed within 21 days of this order.

Plaintiff has also filed a motion for appointment of counsel. [4]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017). Therefore, the motion is denied with leave to renew. [4].

---

[1] The Court will also be required to alert each prisoner plaintiff to the potential downside of multi-plaintiff, prisoner litigation. *See Boriboune v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004): *see also Hudson v. Holcomb*, 2022 WL 17552162, at *1–2 (S.D.Ind. Dec. 9, 2022)

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges the named Defendants violated his constitutional rights based on his living conditions at the Vermillion County Jail including contaminated water, insufficient drinking water, cold temperatures, and inadequate bedding for the temperatures. The claim is stated against each Defendant in his individual capacity. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) The only Plaintiff currently in this case is Plaintiff Washington.  Any amended, multi-plaintiff complaint must be filed within 21 days of this order.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's motion for appointment of counsel, [4];** 2) **Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 18th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
